UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ALICE SOSA,

                              Plaintiff,

                                                        **MEMORANDUM & ORDER**
          - against -                                    26-CV-3306 (PKC) (MMH)

NEW YORK CITY DEPARTMENT OF
EDUCATION, et al.,

                              Defendants.
--------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

Plaintiff Alice Sosa, proceeding *pro se*, moves pursuant to Federal Rule of Civil Procedure

("Rule") 60(d)(3) to set aside a judgment entered by the Court.  The Court assumes the parties'

familiarity with the facts and underlying procedural history, which the Court recites only as

necessary to explain its decision to deny the requested Rule 60(d)(3) relief, and to terminate this

action.

## BACKGROUND[1]

On January 21, 2018, Plaintiff brought an action against Defendants New York City

Department of Education and Marcy Berger alleging, *inter alia*, violations of Title VII, the

Americans with Disability Act, the New York State Human Rights Law, and New York City

Human Rights Law.  Compl., *Sosa v. N.Y.C. Dep't of Educ.*, No. 18-CV-0411 (PKC) (MMH)

(E.D.N.Y. Jan. 21, 2018) ["*Sosa I*"], Dkt. 1; *see also* Am. Compl., *Sosa I*, Dkt. 33.  On December

---

[1] The following facts are taken from the Complaint and public filings, of which the Court
may take judicial notice.  *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir.
2008) (courts may take judicial notice of court filings).

1

7, 2023, Defendants moved for summary judgment on Plaintiff's remaining claims, *Sosa I*, Dkt. 90. The Court granted the motion in its entirety on April 22, 2024. *Sosa I*, Dkt. 96.

Several months later, Plaintiff moved to vacate the Court's judgment pursuant to Rule 60(d)(3). *Sosa I*, Dkt. 100. In the motion, Plaintiff asserted that vacatur was warranted because Defendants made misleading citations and mischaracterized evidence in the record in their summary judgment submissions. *Id.* at 4–9. The Court denied the motion, explaining:

> [T]his motion is not appropriate in this matter. Rule 60(d)(3) enables a party to seek relief from a final judgment for fraud upon the Court (rather than upon any party) "by way of an independent action to set aside a judgment." *Giurca v. Montefiore Health Sys., Inc.*, No. 18-CV-11505 (ER) (BCM), 2023 WL 9102694, at *10 (S.D.N.Y. Dec. 21, 2023), *R&R adopted*, 2024 WL 1193574 (S.D.N.Y. Mar. 20, 2024), *aff'd*, No. 24-858, 2025 WL 2658786 (2d Cir. Sep. 17, 2025) (quoting *Gleason v. Jandrucko*, 860 F.2d 556, 558 (2d Cir. 1988)). To the extent Plaintiff seeks vacatur pursuant to Rule 60(d)(3), she must file an independent action. . . .
>
> [E]ven assuming this motion were appropriate in this matter, Plaintiff fails to meet Rule 60(d)(3)'s "formidable burden." *Giurca*, 2023 WL 9102694, at *10 (quoting *United States v. Ohle*, 2015 WL 9647534, at *1 (S.D.N.Y. Dec. 30, 2015)). "[A]llegations of nondisclosure during pretrial discovery do not constitute grounds for an independent action under [Rule 60(d)(3)]." *Id.* (quoting *Gleason*, 860 F.2d at 559–60). "This is so because discovery misconduct, including the withholding of material evidence, 'suggest[s] nothing more than a fraud upon a single litigant . . . rather than a fraud upon the Court and therefore cannot proceed under Rule 60(d)(3).'" *Id.* (quoting *LinkCo, Inc. v. Akikusa*, 615 F. Supp. 2d 130, 136 (S.D.N.Y. 2009), *aff'd*, 367 F. App'x 180 (2d Cir. 2010)). "Nor may a plaintiff obtain relief under Rule 60(d)(3) if 'the alleged fraud could have been redressed in the underlying action.'" *Id.* at *11 (quoting *Mazzei v. The Money Store*, 62 F.4th 88, 94 (2d Cir. 2023) (rejecting plaintiff's Rule 60(d)(3) claim because, "had [plaintiff] exercised the required diligence in the prior action and explored avenues of proof available to [her], either the alleged falsity of defendants' misstatements would have been uncovered, or [she] would have been able to offer proof at trial from alternate sources")); *see also Gleason*, 860 F.2d at 560 ("[the aggrieved party] must be able to show that there was no 'opportunity to have the ground now relied upon to set aside the judgment fully litigated in the original action.'") (quoting *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 n.2 (2d Cir. 1972)). Plaintiff

2

alleges exactly this type of evidentiary misconduct, i.e. falsification of evidence, selective omissions, and mischaracterizations at the summary judgment stage, (*see, e.g.*, Dkt. 100, at 14), which—if true—are frauds upon Plaintiff, but not upon this Court, and issues that Plaintiff should have pursued in the underlying action. Plaintiff's motion would thus fail under Rule 60(d)(3).

01/05/2026 Dkt. Order, *Sosa I.*

On June 2, 2026, Plaintiff filed this independent action, seeking to vacate the Court's summary judgment order pursuant to Rule 60(d)(3).  (Dkt. 1.)

## DISCUSSION

Rule 60(d)(3) permits a court to "set aside a judgment for fraud on the court" at any time after a final judgment is issued.  *See Anderson v. New York*, No. 07-CV-9599 (SAS), 2012 WL 4513410, at *4 (S.D.N.Y. Oct. 2, 2012) (quoting Fed. R. Civ. P. 60)(d)(3)).  However, "the type of fraud necessary to sustain an independent action attacking the finality of a judgment is narrower in scope than that which is sufficient for relief by timely motion."  *Gleason*, 860 F.2d at 558–59 (compiling cases).  Relief under Rule 60(d)(3) is available only when fraud "seriously affects the integrity of the normal process of adjudication." *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2005) (quoting *Gleason*, 860 F.2d at 559).  This kind of fraud is "distinguished from fraud on an adverse party is limited to fraud which seriously affects the integrity of the normal process of adjudication."  *Gleason*, 860 F.2d at 559.

As in *Sosa I*, Plaintiff claims that Defendants selectively attached exhibits to their summary judgment motions which obscured allegedly contradictory evidence or decontextualized critical events. (*See* Mot. to Vacate, Dkt. 1, at 13–19.)  For example, Plaintiff asserts that when Defendants were compiling the "formal motion record to secure summary judgment," they "extracted" one printout from the "pre-existing docket."  (*Id.* at 13.)  Plaintiff adds: Defendants compiled several "distinct files" into one exhibit, (*id.* at 14), cited to parts of a deposition but stopped "four lines

3

before" a relevant disclaimer, (*id.* at 15; *see also id.* at 17, 22, 28–30 (similar)), and incorrectly stated that there was "no record of" Plaintiff's absence on February 17, 2017, (*id.* at 20–21).

The Court denies Plaintiff's Motion for reasons similar to those stated in its January 5, 2026 Order in *Sosa I.* Allegations that an opposing counsel "selective[ly] quot[ed] . . . documents that are available in full on the public docket is far afield from the type of conduct that would constitute fraud under . . . [Rule] 60(d)(3)." *See Wu v. Lehman Bros. Holdings Inc.*, No. 20-CV-5823 (RA), 2022 WL 3646207, at *2 (S.D.N.Y. Aug. 24, 2022) (citing *Weldon v. United States*, 225 F.3d 647 (2d Cir. 2000) (summary order)). But that is exactly what Plaintiff alleges here. Plaintiff does not state that she did not have access to the underlying records that were misrepresented in Defendants' papers. In fact, Plaintiff admits that these misquoted documents were "in the permanent institutional custody of the tribunal." (*See* Mot. to Vacate, Dkt. 1, at 23, 40.) For this reason, it is also clear that "[d]efense counsel's actions [could] have been addressed through the unimpeded adversary process," *Weldon*, 225 F.3d 647 (rejecting a Rule 60(d)(3) motion for this reason). Plaintiff plainly could have pointed out these alleged tactics through a counterstatement of undisputed facts or responsive briefing to the motion for summary judgment. Accordingly, Plaintiff has not met the "stringent and narrow" requirements for relief under Rule 60(d)(3). *Anderson*, 2012 WL 4513410, at *4.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's Rule 60(d)(3) Motion. The Clerk of Court is directed to enter judgment and close this action. The Court certifies that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ *Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 15, 2026
Brooklyn, New York

5